Carmona v. Holder

BIA
Straus, IJ
A093 269 757
A094 778 400

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

MARTHA NELLY CARMONA, JUAN CARLOS JARAMILLO,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-1033-ag
NAC

_____

FOR PETITIONERS:     Glenn L. Formica, Formica, P.C., New Haven, Connecticut.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Terri J. Scadron, Assistant

Director; Lisa M. Damiano, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Martha Nelly Carmona and Juan Carlos Jaramillo, both natives and citizens of Colombia, seek review of a February 18, 2011, order of the BIA affirming the January 5, 2009, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Martha Nelly Carmona, Juan Carlos Jaramillo*, Nos. A093 269 757/094 778 400 (B.I.A. Feb. 18, 2011), *aff'g* Nos. A093 269 757/094 778 400 (Immig. Ct. Hartford, CT Jan. 5, 2009).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA issued its own decision and did not merely "adopt" the IJ's decision, we have reviewed only the BIA's decision.  *Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir. 2007).  The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.  Asylum and Withholding of Removal

Carmona and Jaramillo argue that the BIA erred when it found their social group, defined as "Colombian citizens who have lived in the United States for most of their lives and are part of a social group that connects them to the United States and American wealth," to be insufficient to establish eligibility for asylum.  As the BIA concluded, Carmona and Jaramillo failed to establish their inclusion in a protected social group.  Membership in a particular social group may be defined by a "common, immutable characteristic," which can be "an innate one such as sex, color, or kinship ties, or in some circumstances it might be a shared past experience such as former military leadership or land

2

ownership." *Matter of Acosta*, 19 I. & N. Dec. 211, 233–34 (BIA 1985), *overruled in part on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987).

We have held that defining a social group based on "wealth" or "perceived wealth" is too subjective to serve as a well-defined boundary of a cognizable social group. *Ucelo-Gomez v. Mukasey,* 509 F.3d 70, 73 (2d Cir. 2007) (agreeing with the BIA that the group "wealthy Guatemalans" was not cognizable because wealth is a relative term). In addition, "Americanized" foreign nationals do not constitute a cognizable social group because "Americanization" is not am immutable characteristic, nor does it provide an "adequate benchmark for determining group membership." *See Lizama v. Holder*, 629 F.3d 440, 446-48 (4th Cir. 2011). Similarly, a "connection to the United States" cannot constitute a cognizable social group because such a characteristic is not immutable, nor is it recognizable or discrete. *Matter of A-M-E- & J-G-U-*, 24 I. &. N. Dec. 69, 74 (BIA 2007); *see also Ahmed v. Holder*, 611 F.3d 90, 94–95 (1st Cir. 2010) (stating that secularized and westernized Pakistanis perceived to be "affiliated with the United States" are not a particular social group). Accordingly, Carmona and Jaramillo failed to demonstrate a particular social group with well-defined boundaries and the requisite level of social visibility. Because the agency did not err in finding that Carmona and Jaramillo failed to demonstrate a nexus to a protected ground, as required to establish eligibility for both asylum and withholding of removal, we need not reach the Petitioners' arguments regarding the BIA's review of the IJ's factual findings as related to the likelihood of their being targeted for persecution. 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1).

## II. CAT Relief

Title 8, section 1208.16 of the Code of Federal Regulations incorporates the definition of torture contained in the Convention Against Torture:

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence

of a public official or other person acting in an official capacity.

"[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). The acts of private individuals amount to torture if the government has acquiesced in the acts in violation of its duty to intervene. *See Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007).

Here, the BIA reasonably concluded that Carmona and Jaramillo have failed to demonstrate eligibility for CAT relief because they did not demonstrate that "anyone in the Colombian government would affirmatively consent or acquiesce to their torture" at the hands of the Revolutionary Armed Forces of Columbia ("FARC"). As the BIA found, the country conditions evidence demonstrated that, while rebel groups continue to exist in Colombia, the government has strived to reduce the violence and kidnapping frequently associated with the FARC.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4